

LESLIE K. ICZKOVITZ #2393
Law Offices of Leslie K. Iczkovitz
1350 Ala Moana Boulevard, Suite 1508
Honolulu HI 96814
Tel: (808) 523-8449
Fax: (808) 356-0832
Email: lesisko@aol.com

*Of Counsel*
Krohn & Moss, Ltd.
10474 Santa Monica Blvd, Suite 401
Los Angeles, CA 90025

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CYRUS HOWE,<br><br>　　　　Plaintiff,<br>v.<br><br>CRESTWOOD MANAGEMENT LLC,<br><br>　　　　Defendant. | Case No. CV11 00415 DAE KSC<br><br>Hon.<br><br>**Plaintiff's Verified Complaint and Demand for Jury Trial; SUMMONS** |

### PLAINTIFF'S VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, CYRUS HOWE ("Plaintiff"), by and through his attorneys, KROHN & MOSS, LTD., and for Plaintiff's Complaint against Defendant, CRESTWOOD MANAGEMENT, LLC ("Defendant"), alleges and affirmatively states as follows:

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

PLAINTIFF'S VERIFIED COMPLAINT

1

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and *28 U.S.C. 1367* grants this court supplemental jurisdiction over the state claims contained therein.

3. Because Defendant conducts business in Ohio, personal jurisdiction is established.

4. Venue is proper pursuant to *28 U.S.C. 1391(b)(1)*.

## PARTIES

5. Plaintiff is a natural person who currently resides in Honolulu, Hawaii and is allegedly obligated to pay a debt, and Plaintiff is a "consumer" as that term is defined by *15 U.S.C. 1692a(3)*.

6. Pursuant to the definitions outlined in *15 U.S.C. 1692a(1-6)*, Defendant is a debt collector and sought to collect a consumer debt from Plaintiff which was allegedly due and owing from Plaintiff, and Plaintiff is a consumer debtor.

7. Defendant is a debt collector with an office in Beachwood, Cuyahoga County, Ohio.

8. Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by *15 U.S.C. § 1692a(6)*.

9. Defendant is a collection agency that in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## FACTUAL ALLEGATIONS

10. Defendant is collecting from Plaintiff on an alleged debt owed to Helio Wireless Phone Service.

11. Since September of 2010, Defendant places collection calls to Plaintiff's cell phone from 301-223-0050.

12. The area code on Plaintiff's cell phone is for a region located in the Pacific time zone.

13. Defendant placed collection calls to Plaintiff on September 29, 2010 at 5:17 a.m., on October 20, 2010 at 7:07 a.m., on October 21, 2010 at 7:47 a.m., on October 22, 2010 at 6:44 a.m., on October 23, 2010 at 6:31 a.m., on December 17, 2010 at 7:01 a.m., on December 23, 2010 at 7:05 a.m., and on December 31, 2010 at 7:24 a.m.

14. On December 16, 2010, Plaintiff mailed a cease and desist letter to Defendant. *See* letter attached as Exhibit "A."

15. Defendant placed collection calls to Plaintiff on December 17, 22, 23, and 31, 2010 in spite of the cease and desist letter.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

16. Defendant violated the FDCPA based on the following:

    a. Defendant violated *§1692c(a)(1)* of the FDCPA by communicating with Plaintiff at a time known or which should be known to be inconvenient.

    b. Defendant violated *§1692c(c)* of the FDCPA by continuing to communicate with Plaintiff after notified in writing that Plaintiff refuses to pay debt and that Plaintiff wishes the debt collector to cease further communication.

  c. Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

  d. Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring and engaging Plaintiff is telephone conversations repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

18. Statutory damages of $1000.00, pursuant to the FDCPA, 15 U.S.C. 1692k.

19. Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. 1692k.

20. Any other relief that this court deems to be just and proper.

RESPECTFULLY SUBMITTED,

Dated: 6/27/11

By: _____
Leslie K. Iczkovitz, Esq.
Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, CYRUS HOWE, hereby demands trial by jury in this action.